Charles Nichols v. Gavin Newsom., et al 9th Cir. No.: 14-55873
On Appeal from the United States District Court
for the Central District of California
No. DC 2:11-cv-09916-SJO-SS
Remanded Case No.: 11-cv-09916-SSS(SS)

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
Tel. No. (424) 634-7381
e-mail: CharlesNichols@Pykrete.info
In Pro Per

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 2 1 2023

FILED
DOCKETED _____ _____
           DATE    INITIAL

June 15, 2023

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

RE: *Mark Baird, et al v. Rob Bonta* Case Number: 23-15016

Dear Ms. Dwyer:

    I am Charles Nichols, the In Pro Per Plaintiff-Appellant in the related case of *Charles Nichols v. Gavin Newsom., et al* 9th Cir. No.: 14-55873. Please deliver a copy of this letter to the three-judge panel that has calendared *Mark Baird, et al v. Rob Bonta* Case Number: 23-15016 for oral argument on June, 29, 2023.

    I write briefly to correct Defendant-Appellee Rob Bonta's misstatement of my case in his Statement of Related Cases on page 42 of his Answering Brief in *Mark Baird, et al v. Rob Bonta* Case Number: 23-15016.

    Although it is true that the decision of the district court in *Charles Nichols v. Gavin Newsom., et a*l was vacated and remanded "back to the district court for further proceedings consistent with *Bruen*," Defendant-Appellee Rob Bonta and his co-Defendant-Appellee Gavin Newsom told the district court that it is not bound by The Mandate Rule, or anything for that matter, including not bound by

1

the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ____ (2022).

Incredibly, the district court agreed with California Attorney General Bonta and Governor Newsom. She overruled my objections, notwithstanding my citation to a binding 9th circuit case that held a district court that does not comply with the Mandate is a court that proceeds without jurisdiction.

For the sake of brevity, I will not go into greater detail here, I will save that for my Writs of Mandamus, but the interests of justice and judicial efficiency (my lawsuit was filed in November of 2011) certainly favor granting my pending motion to vacate the mandate and consolidating *Charles Nichols v. Gavin Newsom., et al.*, with *Mark Baird, et al v. Rob Bonta*. An en banc panel of this Court consolidated a related *concealed* carry case with *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016). The lead attorney is the same in both the *Nichols* and *Baird* cases. Both of our cases are pure *Open Carry* cases. Both cases seek prospective injunctive and declaratory relief against California Penal Code sections 25850 and 26350.

Attorney General Bonta falsely stated in his Statement of Related Cases that, "Nichols is distinct from this case, however, because Plaintiffs here claim the Second Amendment demands that they be allowed to carry not just openly but also without a license."

I emailed Attorney General Bonta's then attorney of record the same day he filed his Answering Brief and asked him to file either a corrected brief or an errata (I cc'd the attorney of record for the Plaintiffs-Appellants). He did neither.

I have always argued that no license can be required to openly carry a handgun, rifle or shotgun. That is clearly stated in the body of my Operative Complaint & my Opening Brief. That is clearly stated in my Prayer for Relief.

Security guards notwithstanding, there are no licenses that provide for the Open Carry of long guns. The California licensing statutes (Penal Code sections 26150 & 26155) are limited to carrying "concealable" firearms with a barrel length less than 16 inches (e.g., handguns). Moreover, they explicitly prohibit the issuance of licenses to openly carry handguns to residents, like myself, of counties with a population of 200,000 or more people. And so even if Attorney General Bonta were to modify his statewide application to include Open Carry, I and every other similarly situated citizen of the United States would be prohibited from

2

obtaining a license to openly carry a handgun, in case of confrontation, for the purpose of lawful self-defense, anywhere in the State of California.

Even if this panel were to incorrectly conclude that states can require a license to openly carry firearms outside of one's home, *Bruen* incorporated the prior restraint doctrine. The State of California cannot ban a fundamental, enumerated right it contends requires a license while at the same time not providing for licenses (i.e., non-existent licenses) or for not submitting non-existent applications for those non-existent Open Carry licenses.

Where *Baird* and *Nichols* differ is in the scope of their lawsuits.

My challenge to California's Open Carry licensing prohibitions and ancillary licensing statutes is secondary, and in the alternative. My lawsuit seeks (from my Operative Complain, page 39): "P. A Declaration that Open Carry is the right guaranteed by the Constitution in non-sensitive public-places;" & "R. A Declaration that no license is required to openly carry a firearm for the purpose of self-defense." It is undisputed in my case that the 1,000 foot gun-free school zones that extend from every K-12 public and private school are non-sensitive public places. The Baird Plaintiffs do not challenge California Penal Code section 626.9 which created these gun-free school zones. My lawsuit does challenge the 1,000 foot gun-free zones, either by declaratory relief, or a license to openly carry a handgun (PC 626.9 does not prohibit the Open Carry of long guns, loaded or unloaded within 1,000 feet of K-12 public or private schools).

An injunction solely against PC 25850 and PC 26350 will not allow one to carry a loaded or unloaded handgun (openly or concealed) within 1,000 feet of a K-12 public or private school   Enjoining their enforcement would allow me to carry loaded and unloaded firearms in the curtilage of my home and on my private residential property which the California courts have construed as "public places" where one can "have" but not "carry" a loaded firearm. An injunction solely against PC25850 & 26350 would not allow me to take even one step off my property because I live approximately 800 feet from a K-12 public school.

Sincerely,

*[signature]*

Charles Nichols
Plaintiff-Appellant in Pro Per
cc: counsel of record

3

**Certificate of Service for Paper Filing**

I, Charles Nichols, am over the age of eighteen (18) years and am not a party to the within action, Mark Baird, et al v. Rob Bonta Case Number: 23-15016. My mailing address is PO Box 1302 Redondo Beach, CA 90278.

I hereby certify that on June 15, 2023, I served a copy of the **Letter correcting Attorney General Bonta's Statement of Related Cases** by mail by depositing with the United States Postal Service with First-Class postage thereon fully prepaid at Redondo Beach, California, 90278., to the following parties, through their attorneys of record.

MARK BAIRD Plaintiff - Appellant,
Amy L. Bellantoni
Bellantoni Law Firm, PLLC
2 Overhill Road
Suite 400
Scarsdale, NY 10583

RICHARD GALLARDO Plaintiff - Appellant,
Amy L. Bellantoni
Direct: 914-367-0090
Bellantoni Law Firm, PLLC
2 Overhill Road
Suite 400
Scarsdale, NY 10583

1

ROB BONTA, in his official capacity as Attorney General of the State of California Defendant - Appellee,
Lara Haddad
AGCA-Office of the California Attorney General
300 S Spring Street
Suite 1702
Los Angeles, CA 90013

Mica Moore
AGCA-Office of the California Attorney General
Room 7507
300 S Spring Street
Suite 1702
Los Angeles, CA 90013

R. Matthew Wise, Esquire
AGCA-Office of the California Attorney General
1300 I Street
Sacramento, CA 95814


Dated: June 15, 2023


Sincerely,

Charles Nichols