23-15016

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**MARK BAIRD and RICHARD GALLARDO,**

                                      Plaintiffs,

v.

**ROB BONTA, in his official capacity as Attorney General of the State of California, and DOES 1-10,**

                                      Defendants.

---

On Appeal from the United States District Court
for the Eastern District of California

No. 2:19-cv-00617-KJM-AC
Hon. Kimberly J. Mueller, Judge

### ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF REGARDING EN BANC REVIEW

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General

LARA HADDAD
Supervising Deputy Attorney General
State Bar No. 319630
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6250
Fax: (916) 731-2124
Email: Lara.Haddad@doj.ca.gov
*Attorneys for Defendant and Appellee*
*California Attorney General Rob Bonta*

## INTRODUCTION

The Attorney General of the State of California respectfully submits this supplemental brief in response to the Court's order directing the parties to address whether this appeal—which was considered at the preliminary injunction stage—should be reheard en banc.

Although this case concerns important issues, en banc consideration is not warranted at this time. The parties have now completed briefing on cross-motions for summary judgment. After the district court hears argument on November 3, 2023, it is expected to issue a decision and a final judgment, completely resolving Plaintiffs' claims. In light of these circumstances, the interests of judicial economy are best served through resolution of the summary judgment motions (and any preliminary injunction proceedings once the mandate is issued)—and not through en banc review of the panel's decision addressing whether the district court abused its discretion in denying a preliminary injunction.

## BACKGROUND

Plaintiffs' operative Second Amended Complaint challenges California's laws that regulate the open carry of firearms. D. Ct. Dkt. No. 68. Plaintiffs contend that they have a right under the Second Amendment to unlicensed and unregulated public carriage of firearms and seek an order

1

enjoining California's laws governing open carriage because of a "preexisting right" to openly carry loaded firearms without "permission from the government, licensing, registration, or any other action." D. Ct. Dkt. No. 68, ¶ 8. In 2019, Plaintiffs initially moved for a preliminary injunction, and the Attorney General moved for summary judgment. D. Ct. Dkt. Nos. 14, 40, 56. Before the district court ruled on those motions, the parties jointly requested a stay pending the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). D. Ct. Dkt. No. 57, 58.

In June 2022, the Supreme Court issued its decision in *Bruen*, and the parties jointly requested that the district court lift the stay. Plaintiffs then moved for a preliminary injunction, seeking to enjoin enforcement of California's laws restricting the open carry of firearms. D. Ct. Dkt. No. 65. The district court denied Plaintiffs' motion, concluding that Plaintiffs had failed to establish that the balance of equities and public interest favored an injunction. D. Ct. Dkt. No. 83 at 1. The district court did not resolve whether Plaintiffs were likely to succeed on the merits, reasoning that that issue would require a "difficult investigation and careful consideration of

historical firearm regulations" and that historical experts would be necessary to provide a "thorough, rigorous, and balanced" analysis. *Id.* at 14, 15.

This Court reversed, holding that the district court erred by failing to address Plaintiffs' likelihood of success on the merits under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). C.A. Dkt. 31-1 at 8-9. The Court observed that "the likelihood of success on the merits is a particularly important consideration in the preliminary injunction analysis of a constitutional claim," *id.* at 14; that a court "cannot properly evaluate the other factors" without a merits analysis, *id.* at 15; and that the district court here "employed an incorrect legal standard" when it avoided the merits, *id.* at 15. After concluding that the district court's error "necessitates reversal and remand," the Court "set forth" certain "requirements to guide" the district court on remand: the Court directed the district court to examine the merits under the standard established in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), directed that the court resolve the motion expeditiously, and stated that the court should apply the *Winter* factors after considering the merits. C.A Dkt. 31-1 at 19-22.

While this appeal was pending, the parties continued to proceed with litigation in the district court. Under the district court's scheduling order,

3

the Attorney General timely moved for summary judgment in the district court. D. Ct. Dkt. Nos. 77, 90. The hearing was originally scheduled for September 22, 2023, but by agreement of the parties, it was continued so that Plaintiffs could file a cross-motion for summary judgment. D. Ct. Dkt. No. 94. Plaintiffs cross-moved for summary judgment on September 29, 2023; the Attorney General opposed on October 13, 2023; and the parties have now completed briefing. D. Ct. Dkt. Nos. 96, 98, 100. The hearing on both motions is scheduled for November 3, 2023.

## DISCUSSION

The Attorney General's position is that the case should not be reheard en banc at this time. In light of the proceedings in the district court, en banc review of the decision resolving whether the district court abused its discretion in denying a preliminary injunction would not promote judicial efficiency. *Cf.*, *e.g.*, *SEC v. Mount Vernon Mem. Park*, 664 F.2d 1358, 1361-1362 (9th Cir. 1982) ("Using 'good sense,' it is pointless for us to decide what preliminary relief the Commission should have obtained on the investment company count when that count has been dismissed for failure to state a claim and is before us on appeal."). The briefing on cross-motions for summary judgement is now complete, *supra* p. 4; the hearing on those

motions is scheduled soon for November 3, 2023; and the district court is likely to issue a decision on the merits after that hearing and enter a final, appealable judgment. The Attorney General is thus of the view that under the specific circumstances presented in this case, the interests of judicial economy are better served by continuing to proceed in the district court. After the district court issues a final judgment, the parties will be in a position to evaluate whether further relief from this Court is warranted.

## CONCLUSION

The Court should not grant en banc review.

Dated: November 1, 2023   Respectfully submitted,

                                           ROB BONTA
                                           Attorney General of California
                                           THOMAS S. PATTERSON
                                           Senior Assistant Attorney General
                                           MARK R. BECKINGTON
                                           Supervising Deputy Attorney General

                                           *s/ Lara Haddad*
                                           LARA HADDAD
                                           Supervising Deputy Attorney General
                                           *Attorneys for Defendant and Appellee*
                                           *California Attorney General Rob Bonta*

# CERTIFICATE OF SERVICE

Case Name:  **Baird, Mark v. Rob Bonta**          No.   **23-15016**

I hereby certify that on November 1, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ATTORNEY GENERAL'S SUPPLEMENTAL BRIEF REGARDING EN BANC REVIEW**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 1, 2023, at Sacramento, California.

| Lara Haddad | *Lara Haddad* |
|---|---|
| Declarant | Signature |

SA2023300060
66350163.docx