No. 23-15016

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARK BAIRD and RICHARD GALLARDO,

*Plaintiffs-Appellants*,

v.

ROB BONTA, in his official capacity as
Attorney General of the State of California,

*Defendant-Appellee*,

On Appeal from United States District Court for the Eastern District of California
Civil Case No. 2:19-cv-00617-KJM-AC (Honorable Kimberly J. Mueller)

**APPELLANTS' SUPPLEMENTAL BRIEF
REGARDING EN BANC REVIEW**

Amy L. Bellantoni
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
(914) 367-0090 (t)
(888) 763-9761(f)
*abell@bellantoni-law.com*
 *Attorneys for Plaintiffs-Appellants*

## INTRODUCTION

Mark Baird and Richard Gallardo ("Appellants") respectfully submit this supplemental briefing in response to the October 16, 2023 Order of this Court directing the parties to address whether this case should be reheard en banc.

For the reasons below, it should not.

## BACKGROUND

This appeal involved the district court's denial of Appellants' third motion for a preliminary injunction of California Penal Code §§ 25850 and 26350, which impose criminal penalties for the unlicensed open carry of a handgun.

Significantly, in reaching its determination, the district court disregarded the first (and most important) prong of the test announced by the Supreme Court in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) -- likelihood of success on the merits.

By Opinion dated September 7, 2023, the three-judge panel correctly held that the district court abused its discretion by applying an incorrect legal standard.

Rather than analyzing all of the factors the Supreme Court discussed in *Winter,* the district court skipped the first factor, Appellants' likelihood of success on the merits of their constitutional claims, and erroneously found that because the public interest and balance of harms disfavored the issuance of a preliminary

1

injunction, it was not necessary to assess whether Appellants were likely to succeed on the merits of their Second Amendment claims.

A unanimous panel reversed the district court's decision with a thorough discussion of preliminary injunction standards and remanded the matter, directing the district court to "complete its reevaluation of the requested preliminary injunction and issue a decision expeditiously" as this case has been ongoing for over four years.[1]

On September 29, 2023, the Clerk of the Court issued a Mandate, which was recalled on that same date as "premature." [Dkt. No. 32, 33].

On October 11, 2023, approximately thirty-five days after the panel's opinion was filed, Appellants filed a letter with the Court seeking enforcement of the panel's directive, as the district court had not yet completed its reevaluation upon remand.[2] [Dkt. No. 34].

On October 16, 2023, this Court *sua sponte* requested supplemental briefings on whether the appeal should be reheard en banc. [Dkt. No. 35].

On November 1, 2023, Appellee filed his supplemental brief, opining, *inter alia,* that it would be a waste of judicial resources to hear the case en banc as the

---

[1] *Baird v. Bonta*, 81 F.4th 1036, 1047 (9th Cir. 2023) ("the district court must complete this preliminary injunction review expeditiously").
[2] Now, two months having passed since the matter was remanded to the district court, Appellants still have no determination of their preliminary injunction motion.

parties have just completed briefing on their respective motions for summary judgment. [Dkt. No. 36].

Appellants' supplemental brief follows.

## DISCUSSION

It is Appellants' position that this appeal should not be reheard en banc, as the panel opinion followed Ninth Circuit precedent on the application of the Supreme Court's *Winter* factors.

Rehearing a case en banc is the exception, limited to those cases that meet the standards for rehearing en banc under Fed. R. App. P. 35(a). *Kipp v. Davis*, 986 F.3d 1281, 1282 (9th Cir. 2021) (Paez, J. concurring in the denial of rehearing en banc, joined by Murguia, J.).

This case does not meet those exacting standards. *Id.*

Fed. R. App. P. 35(a) cautions that an en banc hearing or rehearing "is not favored and ordinarily will not be ordered unless: (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions, or (2) the proceeding involves a question of exceptional importance."

En banc review here is neither necessary to maintain uniformity in the Ninth Circuit nor does it present a question of "exceptional importance" meriting en banc consideration.

3

***The Crux Of The Panel Opinion***

The panel decided the issues raised on appeal in accordance with the Supreme Court's *Winter* factors in other constitutional challenges in this Circuit.

> This appeal presents the question whether, in a case in which a plaintiff alleges a constitutional violation, a district court can deny a motion for a preliminary injunction without analyzing the plaintiff's likelihood of success on the merits. The answer to that question is clear: a district court may not do so.
>
> Because of how a finding that a plaintiff is likely to succeed on the merits of a constitutional claim impacts the other *Winter* factors, a district court necessarily abuses its discretion when it skips analyzing the likelihood of success factor in a case involving such a claim.

*Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023).

***The Opinion Is Consistent With Ninth Circuit Precedent***

The issue before the panel was the district court's plain disregard of the first *Winter* factor, likelihood of success on the merits, when considering Appellants' motion for a preliminary injunction in a case alleging constitutional violations.

The panel opinion adhered to the well-settled legal standard in the Ninth Circuit concerning the application of the *Winter* factors in cases involving constitutional violations.

After identifying the four *Winter* factors, the panel noted this Circuit's general requirement that district courts "*must* consider" all four *Winter* factors. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (emphasis supplied). Surely, this conclusion does not merit a rehearing en banc.

Indeed, the panel noted that the "first factor is a threshold inquiry and is the most important factor."[3] The panel then recognized that "a court need not consider the other factors if a movant fails to show a likelihood of success on the merits"[4] and when, "like here, the nonmovant is the government, the last two *Winter* factors merge." *Baird*, at 1040 quoting *Nken v. Holder*, 556 U.S. 418, 435, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009); *Roman v. Wolf*, 977 F.3d 935, 940–41 (9th Cir. 2020)) (internal quotation marks omitted).

The panel went on to hold that the district court's failure to consider the first and most important *Winter* factor, the likelihood of success on the merits, constituted an abuse of discretion. The panel's holding mirrors the application of the *Winter* factors in the Ninth Circuit. See, e.g., *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021); *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (likelihood of success on the merits is "the most important" factor; if a movant fails to meet this "threshold inquiry," we need not consider the other factors); accord *Edge v. City of Everett*, 929 F.3d 657, 663 (9th Cir. 2019); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

The panel noted that, in the Ninth Circuit, it is well-established that the first factor is especially important -- critically important -- when a plaintiff alleges a

---

[3] *Baird*, 81 F.4th 1036 quoting, *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020).
*Baird*, 81 F.4th 1036 quoting, *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). quotation marks omitted).

5

constitutional violation. If a plaintiff in such a case shows he is likely to succeed or prevail on the merits, irreparable harm is presumed -- no matter how brief the violation. *Baird,* at 1040 citing, *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 911 (9th Cir. 2014), abrogated on other grounds by *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228, 213 L. Ed. 2d 545 (2022) (abortion regulations).

What's more, a plaintiffs' likelihood of success on the merits tips the public interest sharply in their favor because it is "always in the public interest to prevent the violation of a party's constitutional rights." *Baird*, at 1040, quoting *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)) (First Amendment retaliation).

There is no reason to disturb well-settled precedent in the Ninth Circuit. The panel's decision adhered to well-established legal principles used to determine whether a plaintiff alleging harm from a constitutional violation is entitled to a preliminary injunction to enjoin further harm pending the resolution of his case.

The panel's decision was purely legal; it was a straightforward and sound analysis of the standard for a preliminary injunction in the Ninth Circuit.

There is no basis for en banc review here, and this matter should not be reheard en banc simply because it involves constitutional rights protected by the Second Amendment rather than those protected by another amendment.

To be sure, a plaintiff's constitutional right to bear arms for self-defense, in public, is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2156, 213 L. Ed. 2d 387 (2022) quoting *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 780 (2010) (plurality opinion).

***Of Equal Importance to Other Constitutional Violations***

This appeal involves a constitutional right of equal importance to other constitutional rights. This appeal does not involve "a question of exceptional importance" sufficient to warrant en banc review, considering that the panel followed Ninth Circuit precedent in its analysis and in reaching its conclusion. En banc review would add nothing to the discussion.

Indeed, considering the antipathy with which the en banc circuit has historically shown the Second Amendment, the only purpose to be served by en banc review here would be to carve out an exception to the Circuit's longstanding application of the *Winter* factors to the *detriment* of Second Amendment rights. Permitting such an outcome would be fundamentally unsuitable and a stark affront to the distinguished integrity of this Court.

***California Expressly Declined To Accept The Invitation To Seek Rehearing***

The California Attorney General expressly declined to request a rehearing en banc, even after the Circuit invited it to do so. [Dkt. 36]. There is no reason for the

Circuit to advocate a position that even the State is not championing. See, e.g., *Kipp*, at 1285 (there is "no reason for us to be more solicitous of the State's interests than the State itself").

***Not In Conflict With Other Precedent***

Finally, the panel's opinion does not conflict with other precedent from this Circuit or the precedent of another. Rather, the panel's opinion is in harmony with precedent from the Supreme Court and this Circuit.

## CONCLUSION

The Court should not grant en banc review.

Dated: November 7, 2023

                                                      THE BELLANTONI LAW FIRM, PLLC
                                                     *Attorneys for Plaintiffs-Appellants*

                        By:       */S/ Amy L. Bellantoni*
                                Amy L. Bellantoni
                                2 Overhill Road, Suite 400
                                Scarsdale, New York 10583
                                (914) 367-0090 (t)
                                abell@bellantoni-law.com

**CERTIFICATE OF SERVICE**

Case Name: **Baird, Mark v. Rob Bonta** No. **23-15016**

I hereby certify that on November 7, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**APPELLANTS' SUPPLEMENTAL BRIEF REGARDING EN BANC REVIEW**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of New York and the United States of America the foregoing is true and correct and that this declaration was executed on November 7, 2023, at Westchester County, New York.

*Amy L. Bellantoni*
Amy L. Bellantoni